UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Elizabeth Baez

v. Civil No. 26-cv-306-LM-TSM
Opinion No. 2026 DNH 137 P

County of Strafford, Office of the Commissioners, doing business as Strafford County Sheriff's Office

**O R D E R**

Plaintiff Elizabeth Baez alleges that she was subjected to discrimination and harassment in violation of New Hampshire and federal law while she was employed as a deputy at the Strafford County Sheriff's Office. Baez's original complaint names "County of Strafford Office of the Commissioners doing business as Strafford County Sheriff's Office" as the defendant. Doc. no. 1 at 2.

The Office of the Commissioners moves to dismiss (doc. no. 4), arguing that it is an improper party because the Strafford County Sheriff's Office is a legally distinct entity from the Office of the Commissioners and that Baez did not satisfy the statutory exhaustion requirement for her state and federal employment discrimination claims with respect to the Office of the Commissioners. Baez subsequently filed a motion for leave to amend her complaint (doc. no. 10), which seeks to add the Sheriff's Office as a defendant. Baez argues that the amendment should relate back to the original filing date. For the following reasons, Baez's motion to amend (doc. no. 10) is granted in part and denied in part, and defendant's motion to dismiss (doc. no. 4) is granted in part and denied in part.

## DISCUSSION

I. Baez's Motion for Leave to Amend her Complaint

Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). To assess if justice requires leave to amend, the court considers and balances the pertinent equitable concerns. Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006). Leave to amend should generally be given absent "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (brackets omitted).

An amendment is futile if it cannot survive the standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 132 (1st Cir. 2006). In considering a (12)(b)(6) motion, the court assumes the truth of the properly pleaded facts and draws all reasonable inferences from the facts that support the plaintiff's claims. Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir. 2015). Based on the properly pleaded facts, the court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

An amendment that adds or corrects the identity of a party against whom a claim is brought relates back to the date of the original pleading if:

> 1) the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; and
>
> 2) within [90 days], the party to be brought in by amendment:
>    i. received such notice of the action that it will not be prejudiced in defending on the merits; and
>    ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

See Fed. R. Civ. P. 15(c)(1)(C).

To the extent that Baez seeks to name the Sheriff's Office as the defendant in this matter, her proposed amendment satisfies the requirements of Rule 15(a)(2) and Rule 15(c)(1)(C). Baez is not asserting any new facts, claims, or theories of liability. The claims against the Sheriff's Office arise from the same factual circumstances detailed in the original complaint. Indeed, the original complaint only details actions allegedly taken by the Sheriff's Office. This is Baez's first motion for leave to amend, and no litigation has taken place beyond the motions presently before the court.[1] The court also concludes that the Sheriff's Office received timely notice of this action and should have known it would be filed against it: the Sheriff's Office was named in the Charge of Discrimination that Baez filed with the New Hampshire Commission for Human Rights and the two parties share the same counsel. What is more, though both parties deny the allegations, the Office

[1] The court acknowledges that plaintiff's counsel, in another effort to correctly name the Sheriff's Office as the defendant, has filed a second case in this district (docket number 1:26-cv-00681-AJ). The complaint in that second case is identical to the proposed amended complaint at issue here.

of the Commissioners acknowledges that the Sheriff's Office is the proper defendant. Doc. no. 8 at 1-2; doc no. 11 at 1-2.

To the extent that Baez's proposed amended complaint seeks to bring claims against the Office of the Commissioners as a joint tortfeasor alongside the Sheriff's Office, the motion for leave to amend is futile. Baez's sole basis for naming the Office of the Commissioners as a joint tortfeasor is her allegation that "Defendant Strafford County operates the Strafford County Sheriff's Office, which is overseen by the Strafford County Commissioners [sic]." Doc. no. 1. But the Office of the Commissioners and the Sheriff's Office are legally distinct under New Hampshire law.

Though the Office of the Commissioners has some control over the budget of the Sheriff's Office, the Office of the Commissioners "has no authority over the actual operation of the sheriff's department." Daniels v. Hanson, 115 N.H. 445, 451 (1975). "[T]he sheriff's office is not 'under the jurisdiction' of the [Office of the Commissioners]." Trachy v. Laframboise, 146 N.H. 178, 180 (2001) (quoting Daniels, 115 N.H. at 451); see also Linehan v. Rockingham Cnty. Comm'rs, 151 N.H. 276, 280-281 (2004) (explaining that the Office of the Commissioners' authority over the Sheriff's Office is limited to "overall budget constraints relating to the deputy sheriffs' employment" and that the Sheriff's Office itself retains the authority to employ deputy sheriffs and determine the functions of their job). Nor has Baez alleged facts which make plausible the inference that the Office of Commissioners exercises de facto operational control over the Sheriff's Office. See

Cheng v. Neumann, 51 F.4th 438, 443 (1st Cir. 2022) (court conducting 12(b)(6) analysis does "not credit legal labels or conclusory statements, but rather focus[es] on the complaint's non-conclusory, non-speculative factual allegations").

Baez's proposed amendment is also futile to the extent the proposed amended complaint asserts state and federal employment discrimination claims against the Office of the Commissioners. Plaintiffs are required to exhaust the administrative remedies contained in 42 U.S.C. § 2000e-5 before they can file an employment discrimination suit in federal court. See Garcia Gesualdo v. Honeywell Aerospace of P.R., 135 F.4th 10, 16 (1st Cir. 2025). Insofar as Baez seeks to bring federal and state employment discrimination claims against the Office of the Commissioners, she was required to file a Charge of Discrimination with the New Hamphsire Commission for Human Rights naming the Office of the Commissioners within three hundred days of the alleged discriminatory conduct. See § 2000e-5(e)(1). Baez satisfied that requirement with respect to the Sheriff's Office, not the Office of the Commissioners.

## II. The Office of the Commissioners' Motion to Dismiss

Dismissal of the Office of the Commissioners as a defendant in this matter is appropriate for each of Baez's claims against it. Baez has not articulated a basis for asserting her claims against the Office of the Commissioners apart from her conclusory allegation that it "operates" the Sheriff's Office. As explained above, the Strafford County Sheriff's Office is legally distinct from the Strafford County Office of the Commissioners, and Baez has not alleged facts which make plausible her

conclusion that the Office of the Commissioners "operates" the Sheriff's Office. In addition, with respect to her state and federal employment discrimination claims, Baez did not file a Charge of Discrimination against the Office of the Commissioners. See § 2000e-5(e)(1). Thus, for the reasons articulated above, the complaint does not plausibly state a claim for relief against the Office of the Commissioners and the defendant's motion to dismiss the claims against the Office of the Commissioner is granted. Defendant's motion to dismiss is otherwise moot.

## CONCLUSION

For the foregoing reasons, Baez's motion for leave to amend the complaint (doc. no. 10) is granted in part and denied in part. It is granted to the extent that, within 48 hours, Baez shall file the proposed amended complaint attached to her motion (doc. no. 10-2) as the amended complaint in this matter. The claims against the Sheriff's Office in doc. no. 10-2 may proceed. Baez's motion for leave to amend is otherwise denied. The Office of Commissioner's motion to dismiss (doc. no. 4) is granted in part and denied in part. It is granted to the extent that all claims against the Office of the Commissioners are dismissed. It is otherwise denied as moot.

SO ORDERED.

Landya McCafferty
United States District Judge

September 29, 2026

cc: Counsel of Record